# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1589
_____

In re: Union Financial Services
Group, Inc., *et al.*,

          Debtors.

_____

Robert W. Curtis and Bob Curtis
Enterprises, Inc. (f/k/a RWC
Consulting, Inc.),

          Appellants,

      v.

Union Financial Services Group,
Inc., *et al.*,

          Appellees.

Appeal from the United States
District Court for the Eastern
District of Missouri.

[UNPUBLISHED]

_____

Submitted: November 16, 2005
Filed: November 28, 2005
_____

Before MURPHY, BOWMAN and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Appellant Robert W. Curtis ("Curtis") is the former president and sole shareholder of Appellant Bob Curtis Enterprises, Inc. (f/k/a RWC Consulting Group, Inc. ("RWC Inc.")). In September 2000, Curtis sold the assets of RWC Inc. to Outsourcing Solutions, Inc. ("OSI"), which later became one of the debtors in the jointly administered Chapter 11 bankruptcy cases of Union Financial Services, Inc., *et al.* (the "Debtors"). Pursuant to the sale, OSI issued a Subordinated Promissory Note dated September 29, 2000 (the "Seller Note") made payable to RWC Inc. in the principal amount of $5 million with a maturity date of September 29, 2003.

The Debtors filed for bankruptcy relief on May 12, 2003. Curtis filed several proofs of claim in the cases, asserting prepetition claim amounts arising from the Seller Note. The joint plan of reorganization (the "Plan") confirmed in the cases provided that claims arising under the Seller Note were classed as general unsecured claims for purposes of priority at distribution. The Appellants received notice of the Plan and did not object to its terms. After the confirmation order became final, the Debtors objected to several of Curtis's proofs of claim and Curtis, in response, filed a motion for payment of an administrative expense claim for essentially the same amount as set forth in his proofs of claim. He posited that his claim had become a postpetition administrative expense claim because it was actually part of an integrated executory contract that was assumed by the Debtors pursuant to the Plan. Thus, Curtis argued, he was entitled to full payment under Bankruptcy Code § 507(a). 11 U.S.C. § 507(a). The bankruptcy court[1] applied applicable Missouri law and concluded that the Seller Note was not part of an integrated contract. The bankruptcy court further determined that: (1) the Seller Note standing alone was not executory; and (2) pursuant to the Seller Note, Curtis held an allowed general unsecured claim

---

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

that was fully subordinated to the payment in full of all other claims. The Appellants appealed to the district court,[2] which affirmed.

Having carefully reviewed the record and considered the arguments on appeal, we find no error in the bankruptcy court's disposition of this matter, and we affirm. *See* 8th Cir. R. 47B.

_____

[2] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.